IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-60886

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff–Appellant,

v.

GENERAL MOTORS CORPORATION,

Defendant–Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CV-19

Before REAVLEY, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Appellant Equal Employment Opportunity Commission, on behalf of Kristin Paige McGee, appeals a grant of summary judgment in favor of appellee General Motors Corporation (General Motors). The district court ruled that McGee's claims based on Title VII of the Civil Rights Act of 1964[1] failed because General Motors established, as a matter of law, the affirmative defense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 42 U.S.C. § 2000e et seq.

enunciated in Burlington Industries, Inc. v. Ellerth[2] and Faragher v. City of Boca Raton.[3]

The parties are familiar with the facts of this "hostile environment" case.[4] After considering the district court's decision, the briefing, and the oral arguments, we hold:

1.  The district court correctly concluded that there is a genuine issue of material fact as to whether the alleged harassment was sufficiently severe or pervasive so as to alter the conditions of McGee's employment as a temporary employee and create an abusive working environment.[5]

2.  We are bound by this court's prior precedent, Watts v. Kroger Co.,[6] regarding the reasonableness of an employee's actions in response to an alleged hostile environment.  Although McGee's employer, Kelly Services (Kelly), provided her with a copy of Kelly's sexual-harassment policy and General Motors conspicuously posted its own sexual-harassment policy and responded to

---

[2] 524 U.S. 742, 765 (1998) (holding that when there has not been a tangible employment action, a defending employer may raise an affirmative defense to liability or damages "comprise[d] [of] two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise").

[3] 524 U.S. 775, 807 (1998) (reiterating the holding in Ellerth).

[4] See Casiano v. AT&T Corp., 213 F.3d 278, 283 (5th Cir. 2000) ("At the first stop on the Ellerth/Faragher road map, courts are required to determine whether the complaining employee has or has not suffered a 'tangible employment action.'  If he has, his suit is classified as a 'quid pro quo' case; if he has not, his suit is classified as a 'hostile environment' case." (footnote omitted)).

[5] See Faragher, 524 U.S. at 787-88 ("[T]o determine whether an environment is sufficiently hostile or abusive," lower courts must "'look[] at all the circumstances,' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993))).

[6] 170 F.3d 505, 510 (5th Cir. 1999).

2

McGee's sexual-harassment complaint in a prompt and reasonable manner, there exists a genuine issue of material fact as to whether McGee unreasonably failed to take advantage of any preventive or corrective opportunities provided by General Motors or Kelly to avoid harm otherwise.[7]  Accordingly, the district court's judgment is REVERSED AND REMANDED.

---

[7] See id. ("[A] jury could find that waiting until July . . . before complaining [about harassment intensifying in the spring] is not unreasonable.").